IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISABELLA MARTINEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PLAZA FARMERS MARKET, LLC, d/b/a GREEN FARMERS MARKET, and KENNY S. KO, individually,<br><br>Defendants. | Civil Action No.:<br><br>COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff ISABELLA MARTINEZ ("Plaintiff or "Martinez"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants PLAZA FARMERS MARKET, LLC, d/b/a GREEN FARMERS MARKET ("Defendant" or "Plaza") and KENNY S. KO, individually, (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11, Art. 1, 34:11-2, et.al., and R.S.34:11-56a et.al., (collectively "NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated – non-exempt cashiers, as well as other grocery store workers, who suffered damages for damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

3. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated – non-exempt cashiers, as well as other grocery store workers, who suffered damages for damages as a result of Defendants' violations of the NJWHL pursuant to the collective action provisions of N.J.S.A. 34-11-56a26.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiff performed non-exempt cashier duties for the Defendants in Secaucus, Hudson County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, the Defendant, Plaza, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants provide food for patrons throughout New Jersey and throughout the tri state area, and further, purchase goods and tools through interstate commerce so as to conduct their supermarket business. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for

Defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

9. Plaintiff Isabella Martinez is an adult individual who is a resident of West New York, Hudson County, New Jersey.

10. Plaintiff Martinez was employed by Defendants full time as a non-exempt cashier, performing cashier duties, from in or about September 2011, through in or about August 2019.

11. Upon information and belief, the Defendants own and/or maintain a grocery store that provides products for persons located throughout the State of New Jersey as well as neighboring states, and further, Defendants use channels of interstate commerce to supply their grocery store with tools and goods necessary to maintain their establishment.

12. Upon information and belief, the Defendant, Plaza, is headquartered in Secaucus, Hudson County, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Plaza, employed individuals to perform labor services on behalf of the Defendants.

14. Upon information and belief, at all times relevant to this Complaint, the Defendant Plaza's annual gross volume of sales made or business done was not less than $500,000.00.

15. At all times relevant to this Complaint, the Defendant Plaza was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

16. Upon information and belief, Defendant Kenny S. Ko is a New Jersey state resident.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Kenny S. Ko was an owner, partner, officer and/or manager of the Defendant Plaza's business.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Kenny S. Ko had power over personnel decisions at the Defendant Plaza's business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

19. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff at the minimum wage rate, and further did not compensate Plaintiff at an overtime rate for all hours that she worked in excess of forty (40) in a work week.

20. Plaintiff Martinez was paid approximately $425.00 per week, regardless of the number of hours she worked in a workweek.

21. Plaintiff Martinez routinely worked five (5) days per week.

22. Plaintiff Martinez worked approximately sixty (60) hours per week.

23. Upon information and belief, Plaintiff was not compensated in accordance with the minimum wage laws for her hours worked in a work week, and was not paid time and one half for the hours that she worked in excess of forty (40) in a work week.

24. Upon information and belief, employees similarly situated to Plaintiff were also not properly compensated at the minimum wage rate, and not paid time and one half for the hours worked in excess of forty (40) in a work week.

25. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

26. At all times material hereto, Plaintiff and all similarly situated employees, performed their duties for the benefit of and on behalf of Defendants.

27. This cause of action is brought to recover from Defendants, minimum wages, overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

28. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees the minimum wage for all hours as well as failing and refusing to pay time and one half for hours worked in excess of forty (40) in a work week.

29. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after January 21, 2014, as well as those non-exempt employees who were not paid lawful minimum wage compensation for those hours worked to in a work week.

30. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 201, et.al. and the NJWHL, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

31. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

32. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for her hours worked in excess of forty (40) in a work week.

33. All similarly situated employees of the Defendants are also owed overtime pay for each and every hour they worked in excess of forty (40) in a work week.

34. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

35. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

36. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 35 above.

37. Plaintiff is entitled to be paid additional compensation for each hour worked in excess of forty (40) in a work week.

38. Defendants actions in failing to pay Plaintiff at time and one half of her regular rate of pay for her overtime hours worked in a work week was not inadvertent or in good faith.

39. All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

40. By reason of the said knowingly and unlawful acts of Defendants, Plaintiff and those similarly situated employees are entitled to damages plus costs and reasonable attorneys' fees.

41. As a result of Defendants' knowing unlawful violations of the NJWHL, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT III
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE FLSA

42. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 42 above.

43. Plaintiff is entitled to be paid additional compensation for each of her hours she worked to bring her pay up to the minimum wage for hours worked in a work week.

44. All similarly situated employees of the Defendants are also owed their minimum wages for each and every hour they worked and were not properly paid.

45. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated to them, the minimum wage for their hours worked in a work week.

46. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

47. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT IV
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE NJWHL

48. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 47 above.

49. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

50. Defendants' actions in failing to pay Plaintiff at the statutory minimum wage required for all hours worked in a work week was not inadvertent or in good faith.

51. All similarly situated employees of the Defendants are also owed compensation at the statutory minimum wage rate of pay for each and every hour they worked in a work week.

52. By reason of the said knowing and unlawful acts of Defendants, Plaintiff and those similarly situated employees are entitled to damages plus costs and reasonable attorneys' fees.

53. As a result of Defendants' knowing and unlawful violations of the NJWHL, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## JURY TRIAL

54. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, ISABELLA MARTINEZ, and those similarly situated employees, demand judgment, against Defendants PLAZA FARMERS MARKET, LC, d/b/a GREEN FARMERS MARKET, and KENNY S. KO, individually, for the payment of minimum wage compensation and overtime compensation for all hours work and all overtime hours worked,

for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: January 21, 2020                     Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
33 State Road, Suite A-1
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*